# IN THE UNITED STATES DISTRICT COURT
## MIDDLE FLORIDA.
207 NW Second Street, Room 337
Ocala, Florida, 34475-6666

PLAINTIFFS: pro-se
JAMES S. HOLCOMB, dual citizen/Blackfoot Indian

v.                                    Case No.: 5:24-CV-382 TJC PRL

DEFENDANTS:
LAKE COUNTY CIRCUIT COURT (LCCC)
JUDGE MARK J. HILL (LCCC EMPLOYEE)
JUDGE LARY METZ (LCCC EMPLOYEE)
JUDGE CARY RADA (LCCC EMPLOYEE)
JUDGE MICHAEL G. TAKAC (LCCC EMPLOYEE)

**COMPLAINT FOR VIOLATIONS OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION, - - -,** *NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION* **THE EQUAL PROTECTION OF THE LAWS.**

### Grounds for Court's Jurisdiction

**US Constitution Amendment 14**, "Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."**

Just as in (Oliver) Brown v. Board of Education of Topeka, (a local government department) 347 U.S. 483 (1954) where daughter Linda Brown was denied admission into a local segregated white school, I, the Plaintiff, have similar U.S. Constitutional Rights to file suit against the local Lake County Circuit Court and some employees for violating my U.S. Constitutional Rights.

The U. S. Constitution's First Amendment includes the right of the people (which includes one individual) to petition the Government for redress of grievances. I, the Plaintiff, chose this lawsuit to petition the Defendant, Lake County Circuit Court, for redress of the grievances denying me, Plaintiff, my Civil Right of Discovery and U.S. Constitutional Right of "equal protection of the laws." .

1. Since December 4, 2015, until the present, (over 8 ½ years) the Lake County Circuit Court and judges Mark Hill, Metz, Rada, and biased judge Takac have used the strategy of dismissing Petitions to Modify Alimony to prevent **DISCOVERY.** Case Law Bainter v. League of Women Voters, 150 So.3d 1115, Florida Supreme Court, SC14-1200, Nov.13, 2014, **Florida Supreme Court Judge J. Pariente, "We simply do not**

countenance and will not tolerate actions during litigation that are not forthright and that are designed to delay and obfuscate the discovery process. As this court has long stated, full and fair discovery is essential to the truth-finding function of our judicial system, and parties and non-parties alike must must comply not only with the "technical provisions of the discovery rules," but also with "the purpose and spirit of those rules in both the criminal and civil context." *Scipio v. State* 928 So.2d 1138, 1133 (Fla.2006)(citing *Binger v. King Pest Control*, 401 So.2d 1310, 1314 (Fla.1981)).

The League of Women Voters were judicially allowed **"DISCOVERY"** in the above **Bainter v. The League of Women Voters,** and therefore, I, James Holcomb, the Plaintiff in this action, am entitled to my **"CIVIL RIGHT"** of **"DISCOVERY"** under *the equal protection of the laws* part of the U.S. Constitution, Amendment 14.

On August 5, 2024, Biased Judge Takac has scheduled a hearing to **DISMISS** the May 6, 2024, "**AMENDED**" FEBRUARY 12, 2024, PETITUTION to MODIFY the Final Judgment (January 7, 2000) to Reduce and/or Terminate Alimony Due to Changes in Circumstances. This will be the **third Petition to Modify Alimony** that the **BIASED JUDGE TAKAC will have dismissed without allowing DISCOVERY in violation of Case Law Bainter v. League of Women Voters, 150 So.3d 1115, Florida Supreme Court, SC14-1200, Nov.13, 2014,**

**To protect the civil and U.S. Constitutional right of DISCOVERY, NO motion to dismiss should be heard until all DISCOVERY is complete in every Petition to Modify Alimony case.** On December 22, 2015, Respondent's Motion for First Request of Interrogatories from the Petitioner was filed in 1999-DR-3003 case. On July 19, 2019, Respondent's Attorney, Jennifer E. Benton's Respondent's Request for Production of Documents was filed in 1999-DR-3003 case. On July 19, 2019, Respondents Attorney Jennifer E. Benton's Interrogatories to Petitioner, Isabelle H. Holcomb was filed in 1999-DR-3003 case. Nothing was produced due to **JUDICIAL MOTIONS TO DISMISS.**

2. Since December 4, 2015, until the present, (over 8 ½ years) the Lake County Circuit Court and judges Mark Hill, Metz, Rada, and biased judge Takac have failed or refused to complying with the requirements Statute 61.14(1)(b)2.

Florida Statute 61.14(1)(b)2 In determining whether an existing award of alimony ahould be reduced or terminted because of an alleged supportive relationship between an obligee and a person who is not related by consanguinity or affinity and with whom the obligee resides, the **court shall** elicit the nature and extent of the relationship in question. The **court shall**, in determining the relationship of an obligee to another person: .
    a. The extent to which the obligee and the other person have held themselves out as a married couple by engaging in conduct such as using the same last name, using a common mailing address, referring to each other in terms such as "my husband" or "my wife" or otherwise conducting themselves in a manner that evidences a permanent supportive relationship.
    b. The period of time that the obligee has resided with the other person in a permanent place of abode.
    c. The extent to which the obligee and the other person have pooled their assets or income or otherwise exhibited financial interdependence.
    d. The extent to which the obligee and the other person has supported the other, in whole or in part.
    e. The extent to which the obligee and the other person has performed valuable

services for the other.
f. The extent to which the obligee and the other person has performed valuable services for the other's company or employer.
g. Whether the obligee and the other person have worked together to create or enhance anything of value.
h. Whether the obligee and the other person have jointly contributed to the purchase of any real or personal property.
I. Evidence in support of a claim that the obligee and the other person have an express agreement regarding property sharing or support.
j. Evidence in support of a claim that the obligee and the other person have an implied agreement regarding property sharing or support.
k. Whether the obligee and the other person have provided to the children of one another, regardless of any legal duty to do so.

The Lake County Circuit Court Case McNeil v. McCuen 2016-DR-154, August 12, 2019, by Judge Dan R. Mosley, complied with the requirements of Florida Statute 61.14(1)(b)2. The Lake County Circuit Court Judge Mosley found in #8 Florida Statute 61.14(1)(b) the above and **gave consideration to the required parts of the statute a through k to/for PETER McNEIL** in that case. Therefore, I, James Holcomb, the Plaintiff in this action, am entitled to my **"CIVIL RIGHT"** of **" equal protection of the laws"** part of the U.S. Constitution, Amendment 14.

3. Florida Statute 175.241 **Exception from tax and execution. For any municipality, special fire control district, chapter plan, local law municipality, local law special fire control district or local law plan under this chapter, the pensions, annuities, or other benefits accrued or accruing to any person under any chapter plan or local law plan under the provisions of this chapter and the accumulated contributions and the cash securities in the funds created under this chapter are hereby exempted from any state, county, or municipal tax and shall not be subject to execution or attachment or to any legal process whatsoever, and shall be unassignable.**
and, Florida Statute 77.041(1) 1.b. 8. Claim of Exemption and Request for Hearing 8. Retirement or profit-sharing benefits or pension money.
and,

**ORLANDO FIREMAN'S RELIEF AND PENSION FUND ORLANDO FLORIDA FEBRUARY 1977 "THE CHARTER" ARTICLE III. Fireman's Pension Fund**
**Section 44.** *(C. 23444 * 15, Special Acts 1945)* **Payment not assignable and exempt.**

No pension provided for under the terms and provisions of this act shall be assignable or subject to **GARNISHMENT** for debt or other legal process. (C. 23444 * 15, Special Acts 1945)

**CASE LAW**
BOARD OF PENSION TRUSTEES OF THE CITY GENERAL EMPLOYEES PENSION PLAN, CITY OF JACKSONVILLE, FLORIDA, PENSION PLAN ADMINISTRATOR (Appellant) v. VIZCAINO 635 So.2d 1012 (1994)

**District 1 Court of Appeal Judge Webster,** "Appellant", administrator of the City Jacksonville's General Employees Pension Plan, seeks review of a final order in a dissolution of marriage action. That order granted the motion of one former spouse for enforcement of a Qualified Domestic Relations Order (QDRO) directing appellant to pay to that spouse a

portion of the other spouse's retirement pension benefits as part of the trial court's plan for equitable distribution of the parties' marital assets. Appellant argues that the Pension Plan, which was created by a special act of the legislature, contains an anti-alienation clause which the trial court's order would compel appellant to violate, Appellant argues, further, that the trial court's order cannot be justified under either federal or state law. Therefore, according to the appellant, the trial court lacked the power to order appellant to pay to one former spouse a portion of the other former spouse's retirement pension benefits as a part of a plan for equitable distribution of marital assets. **Because we agree with the appellant, we reverse."**

The First District Court of Appeal case (Board of Pension Trustees v. Vizcaino 635 So.2d 1012) ruled that the circuit court **cannot garnish** Mr. Vizcaino's pension. **Therefore, the Lake County Circuit Court and the Lake County Circuit Court Judges; Hill, Metz, Rada, and Takac per the United States Constitution's Amendment 14, "equal protection of the laws" also cannot garnish my, James Holcomb, the Plaintiff in this action, Orlando Firefighter Pension. I am entitled to my "CIVIL RIGHT" of "equal protection of the laws"** part of the U.S. Constitution, Amendment 14.

The approximate **$78,500 garnished illegally** from the Orlando Firefighter's Pension by the Lake County Circuit Court and Judges Hill, Metz, Rada, and Takac should be returned to the Plaintiff as soon as possible and all future garnishment of the Plaintiff's Orlando Firefighter Pension should be terminated.

4. On March 8, 2016, Petitioner/Former Wife/Isabelle Holcomb submitted to the Lake County Circuit Court, case number 1999-CA-003003, a FAMILY LAW FINANCIAL AFFIDAVIT, that included a sworn certification of being true, and "I understand that I am swearing or affirming under oath - - -." SECTION 1, INCOME, documents, **"NO INCOME FOR CLAYTON LAYTON'S ROOM AND BOARD."**
The May 31, 2016, case pleading "SECOND MOTION for Summary Judgment in favor of the Respondent/Former Husband" exhibits 7 documents with Clayton Layton living at 2603 Gables Drive, Eustis, Florida 32726. Florida Statute 61.14(1)(b)2.d. requires that these two pleadings prove a supportive relationship between Plaintiff/Former Wife/ Isabelle Holcomb and Clayton Layton.
These pleadings that were in the case number 1999-DR-003003 court record prior to June 2, 2016, were ignored by the Lake County Circuit Court and Judges Mark Hill, Larry Metz, Cary Rada, and Michael Takac. All refused to comply with **Florida Statute 61.14(1)(b)2**, violating the **U.S. Constitution's 14th Amendment's " equal protection of the laws."**

Lake County Circuit Court Judge Mark Hill was the judge in this case from part of December 2015 to part of 2017. During this period, **Judge Hill never allowed DISCOVERY and Judge Hill never complied with the requirements of Florida Statute 61.14(1)(b)2, therefore never complying with the U.S. Constitutions 14th Amendment's "equal protection of the laws".**

5. Lake County Circuit Court Judge Larry Metz was the judge in this case from part of 2017 to part of 2020. During this period, **Judge Metz never allowed DISCOVERY and Judge Metz never complied with the requirements of Florida Statute 61.14(1)(b)2, therefore Judge Metz never complied with the U.S. Constitutions 14th Amendment's "equal protection of the laws".**

September 28, 2018, Attorney – Client Fee Contract was signed. Section Two Scope of

4

Services, Attorney will represent client and provide such reasonable legal services as are necessary in pre-trial, trial and post-trial proceedings *up to the rendition of judgment. After rendition of judgment, attorney will NOT represent client whether on appeal or in other POST PROCEEDINGS UNLESS ANOTHER AGREEMENT IS ENTERED INTO BETWEEN ATTORNEY AND CLIENT.*

On November 19, 2019, Judge Metz signed a FINAL ORDER that did not include the December 4, 2015, or the February 29, 2016, Petitions to Modify Alimony. As documented above, the **Judge Metz Final Order terminated the September 28, 2018, Jennifer Benton Attorney-Client Contract.**

On November 25, 2019, *WITHOUT AN ATTORNEY-CLIENT CONTRACT,* I, Respondent/Former Husband filed the NOVEMBER 25, 2019, PETITION to Modify Final Judgment (January 7, 2000) to Reduce and/or Terminate Alimony, under the 2005, Florida Statutes 61.14(1)(b)1, 61.14(1)(b)2, and 61.14(1)(b)3.

On December 17, 2019, (28 days after November 19, 2019, Judge Metz FINAL ORDER) I/ Respondent/Former Husband signed a new Attorney – Client Contract.

On January 3, 2020, Attorney Jennifer Benton filed NOTICE OF LIMITED APPEARANCE.

On January 3, 2020, Attorney Jennifer Benton filed Respondent's Motion for Judicial Default.

6. On July 27, 2020, **Judge Rada Ordered the November 25, 2019, PETITION to Modify Final Judgment, STRICKEN BECAUSE IT WAS FILED PRO-SE.** It is unknown if Judge Rada DID NOT READ THE RECORD, or if Judge Rada is biased, (probably) or if Judge Rada was protecting the Petitioner/Former Wife from a DEFAULT ORDER. The **STRICKEN order is clearly UNCONSTITUTIONAL** per the FLORIDA Constitution and the U.S. Constitution's 14th Amendment "equal protection of laws". The **STRICKEN ORDER violates my/Former Husband's CIVIL RIGHTS.**

Lake County Circuit Court Judge Cary Rada was the judge in this case from part of 2020 to part of 2021. During this period, **Judge Rada never allowed DISCOVERY** and Judge Rada has **never complied with the requirements of Florida Statute 61.14(1)(b)2, therefore, Judge Rada never complied with the U.S. Constitutions 14th Amendment's "equal protection of the laws**

7. On January 25, 2022, I, the Respondent/Former Husband, filed a 4th Petition to Modify Final Judgment - - -. Judge Takac dismissed it June 13, 2023, for the Doctrine of res judicata. Judge Takac did **not allowed DISCOVERY or comply with the requirements of Florida Statute 61.14(1)(b)2. Judge Takac has not complied with the U.S. CONSTITUTION'S 14th Amendment's "equal protection of the laws". Judge Takac's Doctrine of res judicata failed to show: (1) identity of the thing being sued for; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the quality or capacity of the persons for or against whom that claim is made. The Lake County Circuit Court nor any of the judges in this lawsuit have ever filed a FINAL ORDER for the SUBJECT of Florida Statute 61.14(1)(b)2. The Petition to Modify Alimony, Florida Statute 61.14(1)(b)2 was never litigated in any of the Petitions to Modify Alimony for case 1999-DR-3003, therefore, res judacata could not possibly exist and was fabricated by Judge Takac.**

5

On On February 12, 2024, a 5th PETITION to MODIFY the Final Judgment - - -, due to CHANGES in CIRCUMSTANCES. HEALTH (Congestive Heart Failure/Open Heart Surgery) and Florida Statute 61.08 law change. **Judge Takac dismissed it for opposing council's "MOTION to DISMISS with a 20 day window to rewrite it. Then Judge Takac wrote an ORDER that REQUIRES ME TO PROVE THAT MY FORMER WIFE IS MARRIED / NOTHING TO DO WITH MY FEBRUARY 12, 2024, PETITION TO MODIFY.**

**WITHOUT DISCOVERY of ISSUES OF PETITION, JUDGE TAKAC HAS SCHEDULED ANOTHER HEARING TO DISMISS FOR AUGUST 5, 2024.**

8. Funk & Wagnallis Standard Dictionary International Edition Copyright 1978, page 264, **common-law-marriage**, A marriage, or an agreement of marriage, substantiated by writing or conduct, instead of by church or civil ceremony. The Lake County Circuit Court case number 1999-CR-003003 Record proves that the **Former Wife has an over 14 year Common Law Marriage with Clayton Layton.**

**The BIASED judge Takac filed an ORDER that he was "NOT" BIASED.**

It is believed that this court is the proper court to request restoration of constitutional rights that have been ignored and denied by the Defendants, allowing this court's jurisdiction.

### Plain statement of the claim showing that the pleader is entitled to relief.
### Subject-Matter Jurisdiction

I, the Plaintiff, James Holcomb am a United States of America citizen, born in Battle Creek, Michigan in 1952 and have lived in Florida since 1968. I am 72 years old. My father was a United States Citizen and a Black Foot Indian. My mother was a United States citizen. I have never been arrested or convicted of a crime. I, the Plaintiff, also have an Orlando Florida Fire Department Retirement Pension. **I claim that I am entitled to the equal protection of laws of the 14th Amendment of the U.S. Constitution.**

### Claim

For **over 8 ½ years, The Lake County Circuit Court has not allowed DISCOVERY or complied with the requirements of Florida Statute 61.14(1)(b)2. Lake County Circuit Court has not complied with the U.S. Constitution's 14th Amendment's "equal protection of laws.**

**The Lake County Circuit Court has illegally garnished about $78,500 of my Orlando Firefighter Pension and I want it returned to me.**

**The Lake County Circuit Court has not complied with the U.S. CONSTITUTION'S 14th Amendment's "equal protection of the laws".**

6.

## DEMAND / REQUEST FOR RELIEF

Case Law Bainter v. League of Women Voters, 150 So.3d 1115, Florida Supreme Court, SC14-1200, Nov.13, 2014, **Florida Supreme Court Judge J. Pariente, "We simply do not countenance and will not tolerate actions during litigation that are not forthright and that are designed to delay and obfuscate the DISCOVERY PROCESS. As this court has long stated, full and fair discovery is essential to the truth-finding function of our judicial system, and parties and non-parties alike must must comply not only with the "technical provisions of the discovery rules," but also with "the purpose and spirit of those rules in both the criminal and civil context."** *Scipio v. State 928 So.2d 1138,* 1133 (Fla.2006)(citing *Binger v. King Pest Control*, 401 So.2d 1310, 1314 (Fla.1981)). **Every Petition to Modify Alimony in Lake County Circuit Court case 1999-DR-003003 was immediately met with a Motion to Dismiss to prevent DISCOVERY for over 8 ½ years.**

Does the Judicial Oath of Judges include compliance with the U.S. Constitution, the Florida Constitution, all Florida Statutes and Case Laws, including Florida Statutes 61.14(1)(b)2., 175.241, 77.041(1)1.8., Rule 1.500 of the Florida Rules of Civil Procedure, *ORLANDO FIREMAN'S RELIEF AND PENSION FUND ORLANDO FLORIDA FEBRUARY 1977 "THE CHARTER" ARTICLE III. Fireman's Pension Fund Section 44, (C. 23444 * 15, Special Acts 1945)* Case Laws, Bainter v. League of Women Voters, 150 So.3d 1115, Florida Supreme Court, SC14-1200, Nov.13, 2014, BOARD OF PENSION TRUSTEES OF THE CITY GENERAL EMPLOYEES PENSION PLAN, CITY OF JACKSONVILLE, FLORIDA, PENSION PLAN ADMINISTRATOR (Appellant) v. VIZCAINO 635 So.2d 1012 (1994), **Lake County Circuit Court Case McNeil v. McCuen 2016-DR-154, August 12, 2019,**

If so, I, James Holcomb, pro-se Plaintiff in this case would greatly appreciate an ORDER that requires the Lake County Circuit Court to comply with the above in case 1999-DR-003003.

All Judge Hill Orders should be STRUCK for malfeasance, misfeasance, or nonfeasance.
All Judge Rada Orders should be STRUCK for malfeasance, misfeasance, or nonfeasance.
All Judge Takac Orders should be STRUCK for malfeasance, misfeasance, or nonfeasance.
A Judge that has a history of complying with Florida Statute 61.14(1)(b)2 like Judge Dan Mosley should be assigned to case 1999-DR-003003.
ALL DISCOVERY should be required before any Motion to Dismiss is allowed.
All Alimony should be put in an escrow account during Petition to Modify Alimony case.

All Petition to Modify Alimony should be reactivated.

**The approximate $78,500 that was garnished illegally by the Lake County Circuit Court from the Orlando Firefighter Pension Fund should be returned to me, James Holcomb, Plaintiff in this case.**

Respectfully Submitted,

*James Holcomb*

James Holcomb, an American Blackfoot Indian
19950 County Road 455, Clermont, FL 34715
Cell phone & text # 352-321-9000 (I do not answer robo calls and no message thing)

7

## CERTIFICATE OF SERVICE

I, James Holcomb, _James Holcomb_, certify that copies of the above Complaint will be served by a Sheriff or Federal Marshall on or about July 26, 2024, to the Lake County Circuit Court, Mark Hill, Larry Metz, Danial Rada, and Michael Takac at 550 West Main Street, Tavares, Florida 32778. Copies mailed to Chief Judges James R. Baxley at 550 West Main Street, Tavares, Florida 23778, Chief Judge Daniel Merritt, Jr. at 20 N. Main St. Brooksville, FL 34601 and the Florida Supreme Court Chief Justice Carlos G. Muniz at 500 S. Duval St. Tallahassee, FL 32399.