UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES S. HOLCOMB,

    Plaintiff,

v.                                  Case No. 5:24-cv-382-TJC-PRL

LAKE COUNTY CIRCUIT COURT, et al.,

    Defendants.

## ORDER

Proceeding without the assistance of a lawyer, plaintiff James S. Holcomb filed this suit in federal court claiming violations of his federal constitutional rights arising out of proceedings in the Lake County Circuit Court with regard to his petitions to modify his alimony payments. Holcomb names as defendants the Lake County Circuit Court and four judges who, at various times, were assigned to his case. He seeks to have a different specific judge assigned to his case, to have garnished funds from his pension returned to him, and to have his petitions for alimony modification returned to the active docket with discovery to be permitted before any substantive rulings are made.

Unfortunately for Holcomb, none of these issues are ones that can be addressed through a federal lawsuit. First, pursuant to the Younger abstention doctrine, to the extent the state proceedings remain ongoing, a federal court cannot interfere. See Younger v. Harris, 401 U.S. 37, 46 (1971);

Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-37 (1982) (explaining application of Younger doctrine in civil context). And to the extent the state court proceedings have concluded, the federal court would still not be an available avenue to seek review because the Rooker-Feldman doctrine precludes federal courts (other than the United States Supreme Court) from reviewing and rejecting state court judgments. See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) (explaining Rooker-Feldman doctrine); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Of course, the state court judicial system provides avenues for appeal, of which plaintiff can certainly avail himself.

Second, even if the Younger or Rooker-Feldman doctrine did not preclude this Court's review, federal courts traditionally abstain from deciding cases concerning domestic relations. See, e.g., Haaland v. Brackeen, 599 U.S. 255, 276 (2023). Even where a party raises due process concerns that might implicate federal question jurisdiction, the Court should still abstain if doing otherwise would cause it to "become enmeshed in the domestic factual disputes." Ingram v. Hayes, 866 F.2d 368, 372 (11th Cir. 1988) (per curiam) (citations omitted). Thus, to the extent plaintiff might contend that his suit challenges the state court process, not the substance of his case, the relief he seeks (including, inter alia, placing alimony payments in escrow and returning

2

garnished pension funds (see Doc. 1 at 7)) would require the Court to "become enmeshed" in the domestic factual dispute, such as determining the bona fides of plaintiff's challenge that his former wife is no longer entitled to alimony.

There are other problems too, including that plaintiff has failed to adequately allege entitlement to declaratory or injunctive relief, see, e.g., Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); that, based on the allegations of plaintiff's complaint, the judges are entitled to absolute judicial immunity to the extent plaintiff seeks damages from them, see, e.g., Stump v. Sparkman, 435 U.S. 349 (1978); that plaintiff's equal protection claims fail because he has not alleged that he was treated differently than anyone else, see, e.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); and that plaintiff's complaint fails to separate out who did what such that none of the named defendants could adequately defend, see, e.g., Federal Rule of Civil Procedure 8; Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Although the Court strongly suspects the effort will be futile, because plaintiff is pro se, the Court will give him one opportunity to file an amended complaint which states a claim over which the Court could exercise jurisdiction. No discovery will take place until further order.[1]   Accordingly, it is hereby

---

[1] One of plaintiff's complaints with the state court proceedings is that matters were ruled on before discovery occurred, but this is not at all unusual. Indeed, where the Court questions its jurisdiction or when a complaint is clearly deficient on its face, the Court should not proceed until those matters are

3

**ORDERED**:

1. Defendants Judge Cary Rada, Judge Michael Takac, and the Clerk of Court for Lake County Circuit Court's Motions to Dismiss (Docs. 6 and 7) are **granted** to the extent stated above. To the extent plaintiff's response to the motions (Doc. 12) included a motion to settle the case, that motion is **denied**.

2. Plaintiff's complaint is **dismissed without prejudice**. No later than **March 13, 2025**, plaintiff may file an amended complaint to attempt to cure the deficiencies outlined above. **If plaintiff elects not to file an amended complaint by the March 13, 2025 deadline, this case will be dismissed without prejudice without further notice for lack of subject matter jurisdiction and/or failure to prosecute.**

3. Plaintiff's Motion for Discovery and Production (Doc. 13) and for Discovery or Summary Judgment (Doc. 16) are **denied**, and Defendant Judge Cary Rada and Judge Michael Takac's Motion for Protective Order (Doc. 14) is **granted**. No discovery shall take place until further order.

4. Plaintiff's Motion for Court Order to Terminate the Illegal Garnishment of Plaintiff's . . . Pension and to Return Illegally Garnished [funds] (Doc. 17) is **denied without prejudice** to renewal in state court as appropriate.

---

satisfactorily resolved. See, e.g., Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997).

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of February, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff