**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JAMES S. HOLCOMB,

      Plaintiff,

v.                                                                    Case No. 5:24-cv-382-TJC-PRL

LAKE COUNTY CIRCUIT COURT, et al.,

      Defendants.

## O R D E R

After dismissing plaintiff's complaint on numerous grounds, the Court permitted plaintiff to file an amended complaint, explaining that while the effort would likely be futile, plaintiff was due to be afforded leniency because he was proceeding without counsel (Doc. 19). Thereafter, plaintiff filed an amended complaint (Doc. 20) and two of the defendants (the only two named in the amended complaint who appear to have been served with process) again moved to dismiss (Doc. 21). Plaintiff responded in opposition (Doc. 22) and filed a number of additional motions (Docs. 23-30).

In his amended complaint, plaintiff alleges that the state court judges who have presided over his marriage dissolution proceedings have failed to follow the law. He contends they have violated his right to equal protection (without any elaboration as to how), refuse to provide him discovery, and

continue to permit the allegedly illegal garnishment of his firefighter pension to pay alimony to his ex-wife, efforts which he apparently continues to contest in state court. All of these claims were included in plaintiff's original complaint and the amended complaint is therefore due to dismissed for the same reasons. The Court therefore adopts and incorporates by reference the order dismissing his original complaint (Doc. 19).

Accordingly, it is hereby

**ORDERED**:

1.    Defendants Judge Cary Rada and Judge Michael Takac's Motion to Dismiss (Doc. 21) is **granted**.

2.    Plaintiff's amended complaint is **dismissed without prejudice** for lack of subject matter jurisdiction.

3.    Plaintiff's pending motions (which seek orders to stop the garnishment of his pension, discovery and for default for failure to provide discovery, and to name the Lake County Sheriff as an additional defendant[1]) (Docs. 23-30) are **denied**.

4.    The Clerk shall **close** the file.

---

[1] Plaintiff does not elaborate as to any causes of action he would bring against the Sheriff and states only that the Sheriff acts as the executive officer of the county court (Doc. 24).

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of February, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se party